SECURITY BOND & MORTGAGE COMPANY, a Florida Corporation, *Appellant,* v. MARYE M. WRENNICK, a widow, et al, *Appellees.*

146 So. 653.

Division B.

Decision filed February 6, 1933.

Opinion on Re-hearing filed March 22, 1933.

*Baker & Baker* and *Martin Sack,* for Appellant;

*Harry N. Sandler* and *McKay, Withers & Ramsey,* for Appellees.

PER CURIAM.—This cause having heretofore· been submitted to the Court upon the transcript of the record of the decree herein, and briefs and argument of counsel for the

respective parties, and the record having been seen and in-spcted, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said decree; it is, therefore, considered, ordered and adjudged by the Court that the said decree of the Circuit Court be, and the same is hereby affirmed.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur.

### On Re-Hearing.

PER CURIAM.—An order of affirmance without opinion was entered in this case of February 6th, 1933. Petition for re-hearing was filed February 23rd, which we now consider. Petition complains that the court gave no reason for affirm-ing the decree appealed from dismissing the Bill of Com-plaint with prejudice.

The record shows that the mortgage sought to be fore-closed had been assigned to Maryland Trust Company and Robertson Griswold as Trustees; that the assignment of record on its face passed all interest and title of complainant to the Trustees. That thereafter suit was filed to foreclose a lien created by the issuance of a "sewer certificate." The mortgagor and the assignees of the mortgages were made parties to that suit. That the assignees appeared by counsel in such suit and thereafter suffered default to be entered against them. That final decree of foreclosure was entered in due course. That sale was had of the property and the same confirmed by the court whereby the assignees were divested and foreclosed of all rights of redemption or other-wise in and to the lands involved. That such decree became absolute.

In the state of the record the complainants were estopped to maintain a suit to foreclose the mortgage. Then in another suit in the United States Court of the Southern

District of Florida, to which complainant was a party, a final decree was entered, wherein it was decreed:

"That each of said Indentures hereinabove mentioned is hereby further *adjudged and decreed* to be in default under the terms thereof, and as alleged in the bill of complaint herein, and it is hereby further *adjudged and decreed* that all the rights of the defendant, Security Bond and Mortgage Company, in the Trust property, under each of said Indentures, including all individual mortgages held thereunder, and in the collection thereof, both principal and interest, are terminated and at an end, and that said defendant has no longer any right, interest or claim therein, except its right under the October, 1925, and April, 1926, Indentures aforesaid, to receive the residue remaining under each of said Indentures, after all the Trust property under said Trust Indenture has been fully liquidated and the proceeds thereof applied by said Trustees in payment of all sums due and payable under such Indenture, and the bonds secured thereby, and except its rights under the March, 1928, Indenture, to receive the residue remaining thereunder after the liquidation and application of the proceeds first as under the other two Indentures, then to the payment of any amounts due Maryland Casualty Company by virtue of its guarantee of any of the mortgages deposited under said Indenture, and then to the payment of any outstanding bonds or coupons and/or of any unfulfilled obligations of said defendant, Security Bond and Mortgage Company, under either of said Indentures of October, 1925, and April, 1926, aforesaid so that the holders of the bonds and coupons issued under said last named Indentures shall receive as nearly as may be equal prorata distribution."

The record shows that the mortgage here sought to be foreclosed was amongst those the title to which was adjudi-

cated in that decree filed the 1st day of April, 1930. The Bill of Complaint herein was filed March 27th, 1930, and the final decree was entered December 3rd, 1930.

As we see it, the question of the right of pledgor to foreclose a mortgage for the benefit of a pledgee of such mortgage is not involved here. The alleged pledgor had been divested of all rights which it may have once had in the mortgage and the pledgee had been foreclosed of all its rights and interests in and to the property involved and, therefore, we affirmed the final decree.

Re-hearing denied.

DAVIS, C. J., and WHITFIELD, BROWN and BUFORD, J. J., concur.